

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GABRIEL BITON,                    :
                                  :
            Petitioner            :   NO. 02cv3220
                                  :
vs.                               :
                                  :
SHOSHANA BITON,                   :
                                  :
            Respondent            :

---

### ORDER FOR ISSUANCE OF WARRANT IN LIEU OF WRIT OF HABEAS CORPUS

---

The Convention on the Civil Aspects of International Child Abduction,
done at the Hague on October 25, 1980,
International Child Abduction Remedies Act, 42 U.S.C. § 11601, *et seq.*

AND NOW, this _____ day of _____, 2002, upon consideration of the Petition for Return of Children Pursuant to the Convention and the International Child Abduction Remedies Act and Petitioner's Petition for Warrant in Lieu of Writ of Habeas Corpus, it appearing to the Court that the children, SARIT ATARA BITON and NOAM ISRAEL BITON, persons under the age of sixteen (16) years, are illegally held in custody, confinement or restraint by SHOSHANA BITON at 2155 Benson Street, Philadelphia, Pennsylvania 19152, and there is reason to believe that the above-named children will be carried out of the jurisdiction or suffer some irreparable injury, it is hereby ORDERED and DECREED that:

THE UNITED STATES FEDERAL MARSHALL shall take into protective custody the above-named children and deliver them into the custody of the Department of Human Services where they shall remain in custody until a hearing is scheduled, said hearing to be held promptly.

This case shall be heard at a hearing on the _____ day of _____, 2002 at ___ o'clock ___.m., or as soon thereafter as counsel may be heard.

The United States Marshall shall serve a copy of the following listed documents on SHOSHANA BITON and execute and deliver to Petitioner the appropriate proof of service thereof:

(1) Warrant In Lieu of Writ Habeas Corpus; and

(2) Notice of Petition Under Hague Convention; and

(3) Petition for Return of Children to Petitioner.

Petitioner shall not remove Sarit Atara Biton and Noam Israel Biton from the United States pending further order of this Court.

This Order gives any peace officer within the State of Pennsylvania the authority to search the premises of 2155 Benson Street, Philadelphia, Pennsylvania 19152, or any other place where Sarit Atara Biton and Noam Israel Biton are reasonably believed to be present.

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GABRIEL BITON, | : | |
| Petitioner | : | |
| v. | : | NO._____ |
| SHOSHANA BITON, | : | |
| Respondent | : | |

**PETITION FOR A WARRANT IN LIEU OF
A WRIT OF HABEAS CORPUS**

The Convention on the Civil Aspects of International Child Abduction,
done at the Hague on October 25, 1980, Article 7(b)
International Child Abduction Remedies Act, 42 U.S.C. § 11601, *et seq.*

1.  Petitioner, GABRIEL BITON, is a person as defined by 42 U.S.C. § 11602(5) who has a right of custody of SARIT ATARA BITON (born September 6, 1997) and NOAM ISRAEL BITON (born August 12, 1999), for whom this Petition has been filed. Such right of custody has been breached within the meaning of Article 3 of *The Convention on the Civil Aspects of International Child Abduction, done at the Hague on October 25, 1980*, ("the Convention").

2.  The children are being illegally held in custody, confinement or restraint by SHOSHANA BITON at 2155 Benson Street, Philadelphia, Pennsylvania 19152.

3.  The parents of the children, Petitioner and Respondent, were married on July 21,

Phdataw2:908063 v1

1997 and divorced on December 12, 2000 in Israel.

4. On February 28, 2001, the Respondent wrongfully removed the children within the meaning of Article 3 of the Convention and has since failed to return the children to Petitioner. On February 28, 2001, Respondent left Israel with the children to visit her parents for a 3 ½ week vacation. Petitioner consented to the vacation only on the condition that Respondent promise to return with the children to Israel. However, Respondent has refused to return to Israel with the children, despite telling Petitioner in telephone calls from the United States that she would return with the children "in a few more weeks." Respondent's actions were done without Petitioner's consent. Respondent has never returned to Israel with the children.

5. Petitioner believes that the children are in danger and that Respondent will further conceal the children unless the children are taken into immediate custody by the Court.

6. Petitioner believes that the children will be removed from the jurisdiction of this Court unless a warrant is issued.

7. A Petition for the Return of Children to Petitioner has been filed contemporaneously with this Petition for Write of Lieu of Writ of Habeas Corpus. No other application for a writ of habeas corpus or a warrant in lieu of writ has been made by or on Petitioner's behalf of the children.

8. Attached as Exhibit "A" is a completed Declaration Under Uniform Child Custody Jurisdiction Act.

WHEREFORE, Petitioner respectfully requests that this Honorable Court issue a Warrant in Lieu of a Writ of Habeas Corpus, directing the federal marshal to take the children into custody and immediately deliver the children into the custody of the Department of Human Services.

_____
Albert Momjian, Esquire
Meredith Brennan, Esquire
Attorneys for Petitioner,
Gabriel Biton

OF COUNSEL:

SCHNADER HARRISON SEGAL & LEWIS, LLP
1735 Market Street, Suite 3800
Philadelphia, Pennsylvania 19103
(215) 751-2516

Dated:

**Verification**

I am the attorney for the Petitioner. I make this verification on behalf of Petitioner because Petitioner is absent from the jurisdiction. The above document is true of my own knowledge, except as to the maters that are stated in it on my information and belief and as to those matters I believe them to be true. I declare under penalty of perjury under the laws of the Commonwealth of Pennsylvania that the foregoing is true and correct.

_____
Albert Momjian, Esquire
Attorney for Petitioner

Dated:

Phdataw2:908063 v1

Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GABRIEL BITON,                    :
                                  :
           Petitioner             :    NO. _____
                                  :
vs.                               :
                                  :
SHOSHANA BITON,                   :
                                  :
           Respondent             :

---

### DECLARATION ESTABLISHING THE
### HABITUAL RESIDENCE OF THE CHILDREN

---

The Convention on the Civil Aspects of International Child Abduction,
done at the Hague on October 25, 1980,
International Child Abduction Remedies Act, 42 U.S.C.§ 11601, *et seq.*


1.   The residence of the minor children since their births are as follows:

   a.   SARIT ATARA BITON is a female child having been born on September 6, 1997 in Israel, and she has resided in the following places with the following persons:

| Location | Persons with whom resided | Relationship | Dates |
| --- | --- | --- | --- |
| 1 Ha-Tiqwa St. City Quarter, Ashdod, Israel | Father and Mother | Parents | 10/97 - 10/98 |
| 1 Kdoshei Balzan Ashdod, Israel | Father and Mother | Parents | 10/98 - 10/99 |
| 27 Ben Eiezer St., Apt. 7 Ashdod, Israel | Father and Mother | Parents | 10/99 - 12/00 |

b.  NOAM ISRAEL BITON is a male child having been born on August 12, 1999 in Israel, and he has resided in the following places with the following persons:

| Location | Persons with whom resided | Relationship | Dates |
|---|---|---|---|
| 1 Ha-Tiqwa St.<br>City Quarter, Ashdod, Israel | Father and Mother | Parents | 10/97 - 10/98 |
| 1 Kdoshei Balzan<br>Ashdod, Israel | Father and Mother | Parents | 10/98 - 10/99 |
| 27 Ben Eiezer St., Apt. 7<br>Ashdod, Israel | Father and Mother | Parents | 10/99 - 12/00 |

2. Petitioner has not participated as a party or a witness or in some other capacity in another litigation of custody proceeding concerning the children subject to this proceeding. Petitioner does not have information about a custody proceeding pending in any court concerning any of the children subject to this proceeding.

3. Petitioner does not know any person who is not a party to this proceeding who has physical custody or claims to have custody of, or visitation rights with, any of the children subject to this proceeding.

## Verification

I am the attorney for the Petitioner. I make this verification on behalf of Petitioner because Petitioner is absent from the jurisdiction. The above document is true of my own knowledge, except as to the matters that are stated in it on my information and belief and as to those matters, I believe them to be true. I declare under penalty of perjury under the laws of the Commonwealth of Pennsylvania that the foregoing is true and correct.

_____
Albert Momjian, Esquire
Attorney for Petitioner

Dated: