IN THE UNITED STATES DISTRICT COURT

FOR THE

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GABRIEL BITON | \| |
| V. | \| CASE NO: 02W3220 |
| SHOSHANA BITON | \| |

MEMORANDUM OF POINTS AND AUTHORITIES

This matter comes before the Court upon the Motion of The Maternal Child Consortium, Inc. ("MCC"), a Pennsylvania corporation, Home HealthCare Resources, Inc. ("HHCR"), a Pennsylvania corporation, Dr. Ellen Blackman-Buckwalter ("Dr. Buckwalter"), and Dr. Elizabeth Koropsak-Berman ("Dr. Berman") to Quash two Subpoenas *duces tecum* issued by Plaintiff. Copies of the Subpoenas are attached as Exhibits to the Motion. As set forth below, MCC, HHCR, Dr. Buckwalter and Dr. Berman submit that the Subpoenas should be Quashed because the testimony and work product of Drs. Buckwalter and Berman are confidential and privileged.

I.  <u>Factual Background</u>.  MCC is, among other things, a Pediatric Psychiatric clinic providing behavioral health services to children with serious emotional and/or developmental issues. MCC is a mental health agency operating pursuant to a Provider 50 license as a Psychiatric Outpatient Clinic. MCC employs or contracts with licensed Psychologists such as Dr. Buckwalter and Dr. Berman to evaluate and treat its clients. The files sought to

1

be produced are the property of MCC.  Dr. Buckwalter ceased to be a MCC employee March 28, 2003.  Dr. Berman is currently a MCC contractor.  Naom Bitton was a client of MCC's.

II. <u>Privilege Claims of Dr. Buckwalter and Dr. Berman</u>.  The Privilege claims of Drs. Buckwalter and Berman are based upon 42 Pa.C.S.A. §5944 which provides:

> §5944.  Confidential communications to psychiatrists or licensed psychologists.
>
> No psychiatrist or person who has been licensed under the act of March 23, 1972 (P.L. 136, No. 52), to practice psychology shall be, without the written consent of his client, examined in any civil or criminal matter as to any information acquired in the course of his professional services in behalf of such client.  The confidential relations and communications between a psychologist or psychiatrist and his client shall be on the same basis as those provided or prescribed by law between an attorney and client.

42 Pa.C.S.A. §5944.  Dr. Buckwalter and Dr. Berman are ethically bound to keep all communications with their clients strictly confidential.  As set forth in Principle 5 of their Code of Ethics:

> Principle 5. Confidentiality.
>
> (a) Psychologists shall safeguard the confidentiality of information about an individual that has been obtained in the course of teaching, practice or investigation.  Psychologists may not, without the written consent of their clients or the client's authorized legal representative, or the client's guardian by order as a result of incompetency proceedings, be examined in a civil or criminal action as to information acquired in the course of their professional service on behalf of the client.  Information may be revealed with the consent of the clients affected only after full disclosure to them and after their authorization.  Psychologists shall exercise reasonable care to prevent their employes, associates and others whose services are

>    utilized by them from disclosing or using information
>    about the client.

Although there are instances when the psychologist-client privilege has been required to yield to an overriding public interest, "[t]he law in this Commonwealth makes clear that the privilege accorded confidential communications between the client and the psychotherapist must prevail under most circumstances."  <u>In re: Subpoena No. 22, Appeal of A.B.</u>, ___ Pa.Super. ___, 709 A.2d 385, ___ (Pa.Super. 1998) (listing cases upholding the privilege against other competing rights and interests but requiring that the psychologist-client privilege yield to a grand jury investigation of the client's murder).

In the case at bar, no consent to disclosure after a full appraisal of the relevant facts has been received by either Dr. Buckwalter or Dr. Berman.  Moreover, it is possible that a court may need to determine who can provide consent with respect to the communications involving minors.  Accordingly, the psychologist-client privilege should be upheld and the Subpoenas requiring testimony and production of the client file records and materials be quashed.

III.  <u>Privilege Claims of MCC</u>.  MCC relies upon the privilege of its former employee and contractor, Drs. Buckwalter and Berman and also relies upon the prohibitions against disclosure contained in 50 Pa. Unconsolidated Statutes §7111(a) and 55 Pa.Code §§5100.34 and 5100.35.

Title 50 of the Pa. Unconsolidated Statutes, §7111(a) provides:

§ 7111. Confidentiality of Records.

(a) All documents concerning persons in treatment shall be kept confidential and, without the person's written consent, may not be released or their contents disclosed to anyone except:

those engaged in providing treatment for the person;

the county administrator, pursuant to section 110 [§ 7110 of this title];

a court in the course of legal proceedings authorized by this act; and

pursuant to Federal rules, statutes and regulations governing disclosure of patient information where treatment is undertaken in a Federal agency.

In no event, however, shall privileged communications, whether written or oral, be disclosed to anyone without such written consent. . . .

The Pennsylvania Code sections implementing the Mental Health Act provide in pertinent part:

§ 5100.34. Consensual release to third parties.

(a) Access to records, as defined in § 5100.33(b) (relating to patient's access to records and control over release of records) will be granted to persons other than the patient upon written consent of the client/patient. With the consent, copies of excerpts or a summary of a record may be provided to specific persons at the discretion of the director. If copies of excerpts or summaries are provided, a charge may be made against the patient or person receiving the record for the cost of making the copies. The facility may require payment for the copies in advance.

. . . .

(c) Clients, patients, or other persons consenting

4

to release of records are to be informed of their right, subject to § 5100.33 to inspect material to be released.

(d) When records are released or disclosed under § 5100.32 (relating to nonconsenual release of information) or subsections (a) and (b) the written or oral disclosure shall be accompanied by a written statement which reads as follows:

> "This information has been disclosed to you from records whose confidentiality is protected by State statute. State regulations limit your right to make any further disclosure of this information without prior written consent of the person to whom it pertains."

....

§ 5100.35. Release to courts.

(a) Each facility director shall designate one or more persons as a records officer, who shall maintain the confidentiality of client/patient records in accordance with this chapter.

(b) Records shall comply with the following:

> (1) Whenever a client/patient's records are subpoenaed or otherwise made subject to discovery proceedings in a court proceeding, other than proceedings authorized by the act, and the patient/client has not consented or does not consent to release of the records, no records should be released in the absence of an additional order of court.

> (2) The records officer, or his designee, is to inform the court either in writing or in person that, under statute and regulations, the records are confidential and cannot be released without an order of the court. Neither the records officer nor the facility director has any further duty to oppose a subpoena beyond stating to the court that the records are confidential and cannot be released without an order of the court; however, nothing in this section shall be construed as authorizing such a court order.

>    (3) If it is known that a patient has a current attorney of record for the given proceedings, that attorney shall be informed of the request of subpoena, if not already served with a copy, and shall be expected to represent and protect the client/patient's interests in the confidentiality of the records. The person whose record has been subpoenaed shall be notified of such action if they are currently receiving services and their whereabouts are known, unless served with a copy of the subpoena. Those currently in treatment shall also be advised that they may wish to obtain an attorney to represent their interests. In the case of persons no longer receiving services, the facility shall send this notification by certified mail to the last known address.
>
>    (c) If a present or former patient sues a person or organization providing services subject to the act in connection with said patient's care, custody, evaluation or treatment, or in connection with an incident related thereto, defense counsel for said service provider shall have such access to the present or former patient's records as such counsel deems necessary in preparing a defense. Counsel receiving such records shall maintain their confidentiality and shall limit the disclosure of the contents thereof to those items they deem necessary to allow counsel to prepare and present a proper defense.
>
>    (d) All employes of a facility shall be informed of the rules and regulations regarding confidentiality of records and shall also be informed that violation of them could potentially subject them to civil or criminal liability. Training for employes regarding confidentiality remains the responsibility of the facility director.

As of the date hereof, MCC has not received the proper consent so as to permit the inspection and copying of its records. The Maternal Child Consortium, Inc. has not received an appropriate order from a court authorizing the release of the documents and testimony sought in the Subpoenas.

IV.  <u>Conclusion</u>.  Until the appropriate procedures are undertaken to obtain the consent to the disclosure of the testimony and records sought, the testimony and records are privileged and not subject to being disclosed.  Accordingly, the Buckwalter and Berman Subpoenas should be quashed.

                                                  Respectfully submitted,

_____
Richard L. Switzer

Richard L. Switzer, Esq., Ltd.
270 W. Lancaster Avenue
Suite F-2
Malvern, PA 19355
Tel: (610) 725-8660
Fax: (610) 993-0545